IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHARLES McCLOUD,         )
         )
       Plaintiff,       )
         )
and         )
         )
CITY OF PONCA CITY,      )     Case No. CIV-08-433-D
         )
     Intervenor-Plaintiff.   )
         )
vs.         )
         )
TEREX TELELECT, INC., *et al.*,   )
         )
     Defendants.    )

## ORDER

Before the Court are separate motions for summary judgment filed by the two remaining defendants, Terex Telelect, Inc. and Terex Utilities, pursuant to Fed. R. Civ. P. 56 [Doc. Nos. 104, 105]. Plaintiff Charles McCloud has responded in opposition to both motions, which are fully briefed and at issue.

### Standard of Decision

Summary judgment is appropriate if the pleadings, discovery materials, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A material fact is one that is essential to proper disposition of a claim, and a genuine issue is one that a rational trier of fact could resolve either way. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a genuine factual issue warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the

nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); Fed. R. Civ. P. 56(e). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. A district court has discretion to go beyond referenced portions of the supporting material, but it is not required to do so. *Id.* at 672. The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### Statement of Undisputed Facts[1]

This personal injury case concerns a cable step on the rear of a utility truck used by Plaintiff in his job as a lineman for Intervenor City of Ponca City, Oklahoma (the "City"). Plaintiff was injured in April, 2006, while he and his supervisor were operating the utility truck. Plaintiff stepped on the right rear cable step and it broke, causing him to strike and allegedly injure his right knee. Plaintiff has presented evidence to show that the cable step failed because of a defect in its design, assembly, or manufacture. Defendants have presented evidence to show that the City's employees used the utility truck in a way that could cause the rear cable steps to drag the ground and become bent, and that employees sometimes pushed bent steps back into place by stepping on them.

The City purchased the utility truck in August, 2002, from Commercial Body Corporation, now Defendant Terex Utilities, which assembled it from component parts supplied by various entities. The truck itself – a 2003 Ford F-550 cab and chassis – was purchased from Grande Ford.

---

[1] Plaintiff did not respond to Defendants' statement of facts in the manner required by LCvR56.1. Accordingly, this statement includes facts presented by Defendants that are supported by the record and not opposed by Plaintiff. It also includes matters presented by Plaintiff in the manner required by Rule 56(e). Statements of unsupported and irrelevant facts are disregarded.

The service body was purchased from Dakota Bodies, Inc. The truck was equipped with a telescopic articulating aerial device (or bucket) and related component parts purchased from Defendant Terex Telelect. Plaintiff contends the defect in the cable step existed when it left Terex Utilities' possession and control.

Immediately after Plaintiff was injured, the utility truck was taken to Ivers Welding for repair. During the repair, the broken cable step was removed and discarded, and a new step was welded in its place. The utility truck was then returned to operation. An accident report was completed, and Plaintiff later sought medical attention for his injury.

## Discussion

Defendants challenge the sufficiency of Plaintiff's evidence to establish their liability under the asserted legal theories of negligence, manufacturer's products liability, and breach of implied warranty. However, the two defendants present different arguments.

### A.    Defendant Terex Utilities

The seller of the utility truck, Terex Utilities, relies on various perceived weaknesses in Plaintiff's case – a lack of physical evidence that the cable step was defective or negligently installed because the broken step was removed and discarded, the existence of evidence that the cable step may not have been properly maintained, and a challenge to the expert opinion of Plaintiff's engineering witness, Kevin Sevart – to argue that Plaintiff cannot prevail under any theory. By a separate order, the Court has denied a *Daubert* motion to exclude Mr. Sevart's testimony and has ruled that his opinion should be admitted. *See* Order 8/17/10 [Doc. No. 124]. Accordingly, because Terex Utilities' argument depends heavily on the alleged inadmissability of Mr. Sevart's opinion, it must fail in connection with the instant summary judgment motion.

Upon consideration of the remaining arguments, the Court finds that Plaintiff has demonstrated the existence of genuine disputes of material facts that preclude summary judgment. In essence, the parties disagree whether the cable step failed because of a manufacturing defect or negligent installation (Plaintiff) or because of an undetermined cause or improper maintenance (Terex Utilities). The Court finds that Plaintiff has presented minimally sufficient facts and evidence to demonstrate that reasonable jurors could resolve the dispute either way. Therefore, Terex Utilities is not entitled to summary judgment on any claim or theory of liability asserted against it.

## B.     Defendant Terex Telelect

The manufacturer of the "bucket" component of the utility truck, Terex Telelect, contends that it "merely supplied component parts for the utility truck and did not design, assemble or sell the utility truck and cable step system." *See* Terex Telelect's Br. Supp. Mot. Summ. J. [Doc. No. 104-2] at 1-2. Terex Telelect argues that the absence of any evidence to show it supplied or installed the failed cable step entitles it to summary judgment on all asserted legal theories.[2]

In response, Plaintiff contends that "Terex Telelect provided the telescopic articulating aerial device and related component parts [and] that the ingress and egress system, including the cable step that failed is apart [sic] of the telescopic articulating aerial device." *See* Pl.'s Br. Resp. Terex Telelect's Mot. [Doc. No. 111] at 8. From this, Plaintiff argues in a conclusory fashion that

---

[2] The general rule of liability of a component manufacturer is stated as follows:

A manufacturer of a component part of an assembled final product may be held liable for injuries proximately caused by a defect in the part under negligence, strict liability, and warranty theories, where it is shown that the component was defective or unreasonably dangerous when it left the component supplier's control, and that the defect in the component caused the accident.

63 Am. Jur. 2d *Products Liability* § 148 (footnotes omitted).

Terex Telelect may be held liable for any defect or negligence in the design and manufacture of the cable step and, therefore, summary judgment is inappropriate.

The Court finds no factual support in the summary judgment record for Plaintiff's contention that the cable step at issue was part of the "bucket" portion of the utility truck supplied by Terex Telelect or that Terex Telelect was otherwise responsible for the design or installation of the cable step. The statement of facts in Plaintiff's response brief is silent on this issue, and the argument presented in his brief lacks any supporting facts or citation to the record. The only possible support appears in Plaintiff's quotation of an excerpt of Mr. Sevart's deposition testimony in which he was asked whether "any portion of the aerial device" contributed to or was involved in Plaintiff's accident. Mr. Sevart indicated that "[t]he access system to the bucket" was involved. *See* Pl.'s Br. Resp. Terex Telelect's Mot. [Doc. No. 111] at 6 (quoting Sevart Dep. 42:15-43:5). This vague statement does not support the proposition urged by Plaintiff that the cable step that failed was part of the bucket system supplied by Terex Telelect. Accordingly, the Court finds that Plaintiff has failed to demonstrate a genuine dispute of material fact regarding Terex Telelect's liability for the cable step or Plaintiff's injury.

The Court notes that Plaintiff filed separate response briefs to Defendants' Motions and that his two briefs contain identical statements of facts but different exhibits. Supporting materials provided in response to Terex Utilities' Motion are omitted from his response to Terex Telelect's Motion. These materials include a bid submitted by Dakota Bodies, Inc. (and a purchase order accepting it), which shows the service body supplied by Dakota Bodies, Inc. included "Two (2) cable access steps under the tailshelf." *See* Pl.'s Resp. Terex Utilities' Mot., Ex. 5 [Doc. 112-5] at 3. Plaintiff submitted an affidavit of the production manager for Dakota Bodies, Inc. explaining that the cable steps were not attached to the body at the time of shipment but were shipped in a side

compartment for installation later, according to its usual practice.[3]  *See* Pl.'s Resp. Terex Utilities'

Mot., Ex. 10 [Doc. 112-10].  Plaintiff also provided photographs that plainly show two cable steps

were attached to the rear of the service body at the time of delivery and were positioned for use in

mounting the rear platform of the utility truck.  *See* Pl.'s Resp. Terex Utilities' Mot., Exs. 8-9 [Docs.

112-8 and 112-9].  The cable steps were not attached, and appear to have no logical connection to,

the bucket portion of the utility truck.  In short, there is no basis in the summary judgment record

for a rational juror to conclude that Terex Telelect supplied or had any responsibility for the cable

step system or the failure of the right rear cable step.

Therefore, the Court finds that Terex Telelect is entitled to summary judgment on all claims

or legal theories asserted against it.

**Conclusion**

For the reasons stated above, the Court finds that genuine disputes of material facts preclude

summary judgment in favor of Defendant Terex Utilities but that Defendant Terex Telelect is

entitled to summary judgment in its favor.

IT IS THEREFORE ORDERED that Defendant Terex Telelect, Inc.'s Motion for Summary

Judgment [Doc. No. 104] is GRANTED and Defendant Terex Utilities' Motion for Summary

Judgment [Doc. No. 105] is DENIED.  The case shall proceed to trial on all claims against

Defendant Terex Utilities only.

IT IS SO ORDERED this 31st day of August, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3]  Plaintiff submitted this evidence to show that the cable steps actually installed were different than the ones supplied by Dakota Bodies, Inc., but nothing suggests they were supplied by Terex Telelect.